UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GINO KEVIN ORTIZ,

                        Plaintiff,

   -against-                                                    6:20-CV-1398 (LEK/ATB)

KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,

                        Defendant.

**MEMORANDUM-DECISION AND ORDER**

Plaintiff Gino Kevin Ortiz commenced this action on November 11, 2020, seeking review of the decision of the Acting Commissioner of Social Security ("Commissioner") denying his application for Social Security Disability Insurance benefits ("DIB") for lack of disability. Dkt. No. 1 ("Complaint") at 1. On June 30, 2022, the Honorable Andrew T. Baxter, United States Magistrate Judge, recommended that this Court affirm the decision of the Commissioner and dismiss this action in its entirety. Dkt. No. 24 ("Report-Recommendation") at 24. Plaintiff objected to the Report-Recommendation, Dkt. No. 25 ("Plaintiff's Objections"); and Defendant responded, Dkt. No. 26 ("Defendant's Response"). For the reasons set forth below, the Court adopts the Magistrate Judge's Report-Recommendation in its entirety.

**I.    BACKGROUND**

On September 21, 2015, Plaintiff filed an application for a period of disability and DIB, alleging that he became disabled on August 16, 2014. Administrative Transcript ("Tr.") at 12, 215, 267.[1] The application was initially denied on December 10, 2015, id. at 120–27, 131–40,

---

[1] The administrative record is divided across more than a dozen attachments, see Dkt. Nos. 15–16, because the combined PDF would be over the 50 MB size limit. For the avoidance of doubt, the Court uses the large, bolded numbers that appear in the bottom righthand corner of the

and Plaintiff made a timely request for a hearing in front of an Administrative Law Judge ("ALJ"). That initial hearing was held before ALJ Jennifer Smith on April 9, 2018. Id. at 75–117. In a decision dated July 19, 2018, ALJ Smith determined that Plaintiff was not disabled under the Social Security Act. Tr. at 12–22. The Social Security Disability Appeals Council ("Appeals Council") denied Plaintiff's request for review on June 25, 2019, rendering ALJ Smith's decision the Commissioner's final decision. Id. at 775–80. Plaintiff filed a timely federal action challenging the Commissioner's decision, and on December 4, 2019, this Court remanded the case to the agency for further review based on a consent order. Id. at 789–90 (reproducing Ortiz v. Comm'r of Soc. Sec., No. 19-CV-1054, ECF No. 11 (N.D.N.Y. Dec. 4, 2019) ("Consent Order to Remand")). On February 8, 2020, the Appeals Council remanded the matter to ALJ Elizabeth Koennecke, who conducted a hearing on June 9, 2020, at which Plaintiff and Vocational Expert ("VE") Diane Fernandez testified.[2] Tr. at 720–55. On September 10, 2020, ALJ Koennecke issued a decision denying Plaintiff benefits. Id. at 1693–1707.

A. ALJ Koennecke's Decision

In her decision denying Plaintiff's application, ALJ Koennecke applied the standard five-step analysis for evaluating disability claims under the Social Security Act. Tr. at 1694 ("Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled[.]"). At step one of the evaluation, ALJ Koennecke found Plaintiff met the insured status requirements for DIB through December 31, 2023. Tr. at 1696. Specifically, she found that Plaintiff did not

---

Administrative Transcript when referring to specific pages therein. Page 215 of the transcript, for instance, can be found in the fifth attachment to Docket Entry Number 15. Dkt. No. 15-5 at 4.

[2] The hearing was held by telephone "due to the extraordinary circumstances presented by the [COVID-19] pandemic." Tr. at 1693.

engage in substantial gainful activity ("SGA") from the alleged onset date of Plaintiff's disability in 2014 until the third quarter of 2018, as well as in the fourth quarter of 2018 and the second quarter of 2019. Id. ALJ Koennecke's subsequent findings addressed the aforementioned periods during which Plaintiff did not engage in SGA.[3]

At step two of her analysis, ALJ Koennecke found that Plaintiff "has the following severe impairments: a right shoulder impairment, lumbar spine degenerative disc disease, knee degenerative joint disease, chronic obstructive pulmonary disease, obesity, diabetes mellitus, peripheral vascular disease, and a mental impairment generally characterized as anxiety and an intellectual disorder." Tr. at 1696–97. At step 3, ALJ Koennecke found that none of these ailments met "or medically equal[ed] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." Id. at 1697.

At step four of her analysis, ALJ Koennecke found that Plaintiff was not able to perform his past relevant work as a janitor, id. at 1705, in part because he only had the residual functional capacity ("RFC")[4] to perform sedentary work, id. at 1700. In making that determination, she considered the medical evidence of record, Plaintiff's testimony from his 2018 and 2020 hearings, a Functional Capacity Evaluation ("FCE") performed in February of 2020, and other opinion evidence submitted by various experts, including impartial medical expert ("IME") Dorothy Leong, M.D.; Plaintiff's treating physician, Dr. Peter LeRoux, M.D.; and IME Sharon Kahn, Ph.D. Id. at 1700–05.

---

[3] ALJ Koennecke found that Plaintiff *did* engage in SGA in the third quarter of 2018, the first quarter of 2019, and the third quarter of 2019 until the date of her decision. Tr. at 1696.

[4] "RFC describes what a claimant is capable of doing despite his or her impairments considering all relevant evidence, which consists of physical limitations, symptoms, and other limitations which go beyond the symptoms." Roat v. Barnhart, 717 F. Supp. 2d 241, 267 (N.D.N.Y. 2010).

At step five of her analysis, however, ALJ Koennecke determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform," based in part on Plaintiff's age, education, previous work experience, and the testimony of VE Fernandez. Id. at 1705–06. Accordingly, ALJ Koennecke concluded that Plaintiff was not disabled under the Social Security Act from August 2014 until the date of her decision. Id. at 1706.

### B. The Present Action

Plaintiff did not file written exceptions to ALJ Koennecke's decision, making her decision the final decision of the Commissioner when the Appeals Council failed to assume jurisdiction sua sponte. R. & R. at 2. On November 11, 2020, Plaintiff commenced suit in this Court to challenge ALJ Koennecke's determinations. See Compl.

After the Court received the administrative record in full, Dkt. Nos. 15–17, Plaintiff filed his opening brief in support of his position that ALJ Koennecke's decision was not supported by substantial evidence. Dkt. No. 22 ("Plaintiff's Brief"). First, Plaintiff argued that ALJ Koennecke's physical RFC determination was not supported by substantial evidence because she failed to properly consider the opinion evidence of record, in particular, the opinion of Dr. Le Roux. Id. at 11–16. Second, Plaintiff argued that ALJ Koennecke's mental RFC determination was not supported by substantial evidence because she failed to properly consider the opinion evidence of record, in particular, the opinion of Dr. Kahn. Id. at 16–19. Defendant, in response, argued that ALJ Koennecke's decision was supported by substantial evidence, and that the Complaint should be dismissed. Dkt. No. 23 ("Defendant's Brief") at 3–14.

### C. The Report-Recommendation

After considering the parties' briefing, the Magistrate Judge recommended dismissal of Plaintiff's Complaint. The Magistrate Judge began his analysis by stating the relevant legal standards for rendering an RFC determination, R. & R. at 13; and for weighing the evidence of

4

record, id. at 14–15, including the opinions of treating physicians, id. at 15. The Magistrate Judge then stated that under the relevant standards,[5] "controlling weight is generally given to the opinion of a treating physician." Id. at 15 (citing Halloran v. Barnhart, 362 F.3d 29, 32 (2004)). But the Magistrate Judge also noted that the opinion need not be "afforded controlling weight where . . . the treating physician issued opinions that are not consistent with other substantial evidence in the record . . . ." R. & R. at 15 (quoting Halloran, 362 F.3d at 32). The Magistrate Judge then proceeded to analyze whether ALJ Koennecke's decision to afford the opinion of Dr. Le Roux "little weight" in her physical RFC analysis was supported by other substantial evidence in the record, and found that it was. R. & R. at 17–21.

The Magistrate Judge then turned to Plaintiff's argument that "ALJ [Koennecke] did not incorporate Dr. Kahn's 'moderate' limitations into her [mental] RFC [analysis] and did not properly explain her failure to do so." Id. at 22. The Magistrate Judge observed that Plaintiff selectively cited to Dr. Kahn's opinion that Plaintiff "would have 'marked' limitations in dealing with *complex* instructions," but failed to acknowledge the portion of the same opinion where Dr. Kahn "states that [P]laintiff had *no limitation* in understanding, remembering, and carrying out *simple* instructions, and he would have no limitations in making judgments on *simple work-related decisions*." Id. (citing Tr. at 649) (emphasis in original). The Magistrate Judge also found that, contrary to Plaintiff's assertion that ALJ Koennecke failed to "include limitations in her RFC for Plaintiff's 'moderate' restrictions in interacting appropriately with co-workers and responding appropriately to usual work situations and changes in the work setting," R. & R. at 22, ALJ Koennecke specifically considered these limitations and found them "consistent with a

---

[5] The Magistrate Judge reasoned that the pre-2017 standards applied since Plaintiff's application was filed prior to the effective date of new regulations. R. & R. at 15.

5

finding that [P]laintiff could perform simple, routine, and repetitive work, and have only occasional contact with others," id. (citing Tr. at 1705). The Magistrate Judge also noted, among other things, that when ALJ Koennecke rejected Dr. Kahn's estimates regarding Plaintiff's off-task and absentee limitations at work, ALJ Koennecke did so "because they were 'speculative,' and Dr. Kahn did not provide specific references in the record to support" them. R. & R. at 23 (citing Tr. at 1705).

### D.  Plaintiff's Objections and Defendant's Response

Plaintiff objected to the Report-Recommendation on July 12, 2022. See Pl.'s Obj. Defendant responded two days later, arguing in part that many of Plaintiff's arguments raised therein were "waived because [P]laintiff never made [them] in his opening brief . . . despite having every opportunity to do so[,]" Def.'s Resp. at 3 (citing Timothy B. v. Comm'r of Soc. Sec., No. 17-CV-0399, 2018 WL 3853999, at *1 (N.D.N.Y. Aug. 14, 2018), aff'd sub nom., Barnaby v. Beryhill, 733 F. App'x 642 (2d Cir. 2019)), and that others simply "reiterate[] argument[s] [P]laintiff [already] made before Judge Baxter," Def.'s Resp. at 6.

## II.  STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also R. & R. at 28 ("the parties have fourteen (14) days . . . to file written objections to the . . . report"). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1

6

(N.D.N.Y. Mar. 18, 2013). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Federal Bureau of Prisons, 368 F.Supp.3d 741, 744 (S.D.N.Y. 2019). "Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance." Timothy B., 2018 WL 3853999, at *1 (citing Zhao v. State Univ. of N.Y., 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011)). After reviewing the record, "[a] district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## III.  DISCUSSION

Plaintiff primarily objects to the Magistrate Judge's finding that ALJ Koennecke's evaluation of Dr. Le Roux's opinion "was proper." Pl.'s Obj. at 3. While Plaintiff's Objections largely reiterate arguments Plaintiff already made before the Magistrate Judge, Plaintiff appears to have lodged two specific objections to portions of the Report-Recommendation, which the Court reviews de novo.

### A.  Objection Regarding the Treating Physician Rule

First, Plaintiff suggests that the Magistrate Judge applied the wrong standard in affirming ALJ Koennecke's decision to afford Dr. Le Roux's opinion "little weight." Plaintiff argues: "[T]he question for the Court is not whether evidence could support the ultimate weight assignment [given to Dr. Le Roux's opinion], but rather whether the ALJ made that finding based on proper consideration and application of the requisite factors" required by "the treating physician rule." Pl.'s Obj. at 1. Plaintiff implies the Magistrate Judge applied the former standard, thereby upholding ALJ Koennecke's determination to afford Dr. Le Roux's opinion "little weight," whereas he should have applied the latter standard, which would have led him to

7

remand because ALJ Koennecke did not apply all the factors required by the rule. For the reasons set forth below, this specific objections fails.

The treating physician rule[6] requires an ALJ to give "[a] treating physician's opinion . . . controlling weight, provided the opinion as to the nature and severity of an impairment 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" Jamison v. Acting Comm'r of Soc. Sec., No. 20-CV-8102, 2022 WL 1210780, at *3 (S.D.N.Y. Apr. 25, 2022) (quoting 20 C.F.R. § 1527(c)(2)) (remanding to the Commissioner partly because the ALJ "failed to satisfy the treating physician rule").

"[W]hen a treating physician's opinion is not given 'controlling' weight, the regulations [then] require the ALJ to consider several factors in determining how much weight it should receive." Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008). These factors include, among others: "the '[l]ength of the treatment relationship and the frequency of examination'; the '[n]ature and extent of the treatment relationship'; the 'relevant evidence . . . particularly medical signs and laboratory findings,' supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues." Id. (quoting 20 C.F.R. § 404.1527(c)(2)(i)–(ii), (3)–(5)). "If [these] factors are not explicitly applied and discussed by the ALJ, remand will be appropriate unless the ALJ has elsewhere in the opinion provided 'good reason' for the weight given to the treating physician, or a 'searching review of the record' by a reviewing court satisfies the court that the 'substance of

---

[6] As Plaintiff filed his application for disability before new regulations took effect on March 27, 2017, the Court applies the older treating physician rule to Plaintiff's claim, just as the Magistrate Judge did. R. & R. at 15.

the treating physician rule was not traversed.'" Jamison, 2022 WL 1210780, at *5 (quoting Estrella v. Berryhill, 925 F.3d 90, 96 (2d Cir. 2019)).

The Court could construe as erroneous the Magistrate Judge's statement that "the ALJ *should* consider [these] factors," R. & R. at 15 (emphasis added), as opposed to "must," Jamison, 2022 WL 1210780, at *4. But to call that error under these circumstances would be an overstatement. Even "[i]f [these] factors are not explicitly applied and discussed by the ALJ," remand is not warranted so long as "the ALJ has elsewhere in the opinion provided 'good reason' for the weight given to the treating physician, or a 'searching review of the record' by a reviewing court satisfies the court that the 'substance of the treating physician rule was not traversed.'" Jamison, 2022 WL 1210780, at *5 (quoting Estrella, 925 F.3d at 96).

Even though ALJ Koennecke did not reference the treating physician rule expressly, she applied its substance by articulating good reasons, supported by substantial evidence, for affording Dr. Le Roux's opinion "little weight," Tr. at 1704—reasons which the Magistrate Judge recounted in great detail. R. & R. 17–21; see also Schillo v. Kijakazi, 31 F.4th 64, 76 n.3 (2d Cir. 2022) (finding irrelevant whether "the ALJ . . . expressly state[d] that she would not afford 'controlling' weight to the opinions of [plaintiff's] treating physician[], [since] that much is clear given that the ALJ ultimately concluded that 'the treating physician's opinion] would receive little . . . weight"). Therefore, even though Plaintiff is technically correct that ALJ Koennecke failed to discuss each of the factors mandated by 20 C.F.R. § 404.1527(c), such a failure is harmless. See Schillo, 31 F.4th at 78–79 (finding that an ALJ's procedural error in failing to consider each factor explicitly was "harmless"). The Magistrate Judge recounted in detail the "good reasons" articulated by ALJ Koennecke when she decided to afford Dr. Le Roux's opinion "little weight." R. & R. at 17–21 (citing Tr. at 661–67, 1703–04) (other citations

9

omitted). One reason was the lack of record evidence supporting Dr. Le Roux's "estimates of [P]laintiff's time off-task and monthly absences." Tr. at 1704; see also 20 C.F.R. § 404.1527(c)(3) ("Supportability"). Other reasons included conflicting evidence in the record, see 20 C.F.R. § 404.1527(c)(3) ("Consistency"), from (1) IME Dr. Long, Tr. at 1703–04 (citing Tr. at 661–67); (2) an FCE conducted in 2020, Tr. at 1704; (3) Plaintiff's own reports of his daily activities, id. at 1703–04; and (4) his engagement in SGA when Dr. Le Roux issued his restrictive assessment of Plaintiff's work limitations, id. at 1704.[7]

### B. Objection Regarding the ALJ's Written Rationale

Plaintiff relatedly argues that the Magistrate Judge erred when he "did not directly address" ALJ Koennecke's failure to "to explain *how* [Plaintiff's] part time work activity was deemed inconsistent with [Dr. Le Roux's restrictive assessment that Plaintiff would] need . . . excessive breaks or absences if placed in a full-time work environment." Pl.'s Obj. at 4 (emphasis in original) (citing R. & R. at 17). While Plaintiff may be correct that ALJ Koennecke did not explain in detail precisely how Plaintiff's ongoing part-time work activities were inconsistent with Dr. Le Roux's estimates for how much time Plaintiff would need to be off-task or absent, Plaintiff is mistaken in arguing such level of detail is required to prevent remand.

"When . . . the evidence of record permits [the Court] to glean the rationale of an ALJ's decision," reviewing courts "do not require that [the ALJ] have mentioned every item of testimony presented to h[er] or have explained why [s]he considered particular evidence

---

[7] ALJ Koennecke did err in her weight-analysis when "she stated that [P]laintiff had recently undergone 'shoulder' surgery." R. & R. at 18 n.16. As the Magistrate Judge correctly pointed out, "Plaintiff never had shoulder surgery." Id. However, the Magistrate Judge concluded this was "a simple typographical error" because Plaintiff did "have two neck surgeries," and ALJ Koennecke "noted elsewhere [in her decision] that plaintiff had surgeries on his neck, but did not have surgery on his shoulder." Id. (citing Tr. at 1702).

10

unpersuasive or insufficient to lead h[er] to a conclusion of disability." Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983). While ALJ Koennecke only briefly stated that Dr. Le Roux's estimates regarding the "amount of time that would be spent off-task and absent" were "not supported by . . . the claimant's . . . work activities," Tr. at 1704, the Magistrate Judge was able to glean her rationale from the evidence in the record:

> While [P]laintiff's work activity was apparently part-time and only 20 hours per week, he was able to be a companion for an individual with some medical/mental impairments, and was able to perform the duties of the job. While the ability to work part-time is not always indicative of [P]laintiff's ability to engage in substantial gainful activity, [P]laintiff was performing substantial gainful activity while he was working part-time, and his ability to function was evidence that the ALJ could consider as being inconsistent with Dr. LeRoux's restrictive assessment.

R. & R. at 21. ALJ Koennecke's failure to explain in more detail why Dr. LeRoux's restrictive assessment was inconsistent with the ongoing work activities of Plaintiff does not mean her finding of inconsistency was unsupported by substantial evidence. The Court can glean her rationale clearly, just as the Magistrate Judge did. Id.

Accordingly, the Court finds that the Magistrate Judge correctly analyzed and affirmed ALJ Koennecke's decision to afford Dr. Le Roux's opinion "little weight."

### C.  The Remainder of Plaintiff's Objections

The remaining arguments in Plaintiff's Objections do not attack specific portions of the Report-Recommendation for error, but rather, reiterate arguments previously made to the Magistrate Judge. Plaintiff offers some new case law and arguments in support of his position that this action should be remanded to the Commissioner for further administrative proceedings, but that is not enough to trigger de novo review of the Report-Recommendation. Accordingly,

the Court reviews the remaining portions of the Report-Recommendation for clear error and finds none.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation, Dkt. No. 24, is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that the decision denying benefits is **AFFIRMED**; and it is further

**ORDERED**, that Plaintiff's Complaint be **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     September 21, 2022
                Albany, New York

LAWRENCE E. KAHN
United States District Judge